SAMUEL GRAGG *vs.* SAMUEL S. LEARNED.

An office copy of a deed to a person not a party to the suit in which it is offered in evidence, and ending thus: "In witness whereof I have hereunto put my hand and seal this March 25, 1847. A. B." and seal, "In presence of C. D.", is *primâ facie* evidence of the delivery as well as the execution of the deed.

WRIT OF ENTRY to recover land in Brighton. At the trial in this court, before *Wells*, J., the tenant offered in evidence an office copy of an instrument purporting to be a deed of the demanded premises from the demandant tç one Miller; and it was proved that the original never was in the tenant's possession. This document, which, if duly delivered, was a valid deed, ended thus: " In witness whereof, I have hereunto put my hand and seal this day,

March the twenty-fifth, in the year of our Lord one thousand eight hundred and forty-seven." " Samuel Gragg. .[Seal.] "

" In presence of F. Hilliard."

It purported to be duly acknowledged, and bore a certificate that it had been recorded. The demandant objected to the admission of the instrument without further evidence of its delivery than what appeared upon its face. But the judge admitted it, and instructed the jury that they would be authorized to infer a delivery from the facts in regard to the instrument which thus appeared on the record. The jury returned a verdict for the tenant, and the demandant alleged exceptions.

*J. W. Hudson & F. E. Bryant*, for the demandant. No presumption of delivery arises from the execution, acknowledgment or registration of a deed. The presumption arises from the common attestation of the witnesses that it was signed, sealed and delivered. When an office copy is admissible in evidence, only so much can be presumed as is expressed by the attesting clause. *Powers* v. *Russell*, 13 Pick. 69, 75. *Sampson* v. *Thornton*, 3 Met. 275, 281. *Maynard* v. *Maynard*, 10 Mass. 456. *O'Kelly* v. *O'Kelly*, 8 Met. 436.

*W. W. Warren*, for the tenant.

GRAY, J. By the law of this Commonwealth, a copy from the registry of a deed not made to either party to the action, or presumed to be in the custody of either, is sufficient evidence of the execution and contents of the conveyance, without calling the subscribing witnesses or offering any other proof. *Eaton* v. *Campbell*, 7 Pick. 10. *Samuels* v. *Borrowscale*, 104 Mass. 207, 209. *Stockwell* v. *Silloway*, 105 Mass. 517. The *dictum* of Chief Justice Shaw in *Powers* v. *Russell*, 13 Pick. 69, 75, (upon which the demandant relies,) that this rule is founded on the " presumption of law, arising from the common attestation of the witnesses, in their certificate, that it was signed, sealed and *delivered*," is at variance with the statement of the reason of the rule by Chief Justice Shaw himself in *Stetson* v. *Sullivan*, 2 Cush. 494, 498, and by other judges before and since, which is, that our statutes allow no deed to be recorded until it has been acknowledged by the grantor, or proved by subscribing witnesses before

a magistrate. *Hathaway* v. *Spooner*, 9 Pick. 23, 26. *Ward* v. *Fuller*, 15 Pick, 185, 188. *Thacher* v. *Phinney*, 7 Allen, 146, 149. It was decided in *Dole* v. *Thurlow*, 12 Met. 157, in which also the opinion was delivered by Chief Justice Shaw, that it was not essential to the validity of a deed, that it should have any subscribing witnesses; and in *Thacher* v. *Phinney*, already cited, that a registry copy, offered by the demandant, of a deed to the tenant's grantor, was sufficient evidence of the conveyance thereby made, although it disclosed the fact that the deed had no subscribing witnesses. In none of the cases in which such a copy has been admitted in evidence has it been suggested that any further proof of delivery was necessary, when it did not appear that the deed had remained in the possession of the register or had been delivered back to the grantor. It follows that in the present case the copy from the registry was rightly admitted as *primâ facie* evidence of the delivery as well as of the execution of the deed.           *Exceptions overruled.*