GEORGE W. ELA vs. ALBIN YEAW & others.

Essex. January 10, 1892. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Levy — Sale of Land on Execution — Officer's Return — Misdescription
of Boundary Line — Adjournment of Sale.*

A parcel of land was bounded on the east by a railroad, on the west by an embankment thirty feet wide, and on the north, when conveyed to A., ninety-three feet on E. Street. By subsequent arrangements between A. and the owner of the embankment, the position of the embankment at its northerly end by E. Street was moved about seventy-eight feet to the west, and a triangular lot bounded about seventy-eight feet on the north was conveyed to A. Subsequently the land was levied upon and sold on an execution against A. The officer's return on the execution described the land as bounded "northerly about ninety feet on E. Street," referred to A.'s original deed, and stated that his description was subject to any changes which had been made by agreement in the boundary lines of the embankment. *Held,* on a writ of entry by A. to recover the land, that the misdescription of the length of the boundary line on E. Street did not avoid the levy, although the levy was by sale and not by extent.

The statement in an officer's return of a levy and sale of land on execution, that he adjourned the sale "deeming it for the interest of all parties concerned," is sufficient, without saying also that he deemed it "expedient."

WRIT OF ENTRY, dated May 8, 1882, to recover a parcel of land in Lawrence. Plea, *nul disseisin.* The case was submitted to the Superior Court, and, after judgment for the tenants, to this court, on appeal, upon agreed facts, in substance as follows.

On September 5, 1877, and for nearly twenty years prior thereto, the demandant was in possession of the land and seised thereof in fee. The tenants claim under the demandant by a levy and sale on an execution, which issued in favor of the Adams National Bank against the demandant on July 2, 1877, and was returned on October 8, 1877. The demanded premises are shown on the plan herewith printed, being included within the dotted lines therein.

The officer's return on the execution described the land as follows: "Lying west of and adjoining the Boston and Maine Railroad, and is bounded easterly about seven hundred and twenty feet by the westerly line of said railroad, extending from

Essex Street to Water Street; northerly about ninety feet on
Essex Street; westerly about six hundred and fifty-three feet
by an embankment, thirty feet wide, to land deeded by the
said Ela to H. B. King; southerly by land deeded to said
King, about two hundred and fifty-three feet; westerly by
land deeded to said King, ninety-three feet, to said Water

Street; southerly by the northerly line of said Water Street, about one hundred and twenty-seven feet."

The return also contained the following recital: "Meaning hereby to describe all of the three lots of land bought by the said George W. Ela of the Essex Company by deed dated July 1, 1858, except such part thereof as has been sold by said Ela, and subject to all reservations made by the said Essex Company and to any changes which have been made by an agreement between the said Ela and the Essex Company in boundary lines of abutting streets and in the boundary lines of the embankment reserved by the Essex Company."

The return further stated that, on the day named in the notices and advertisements of the proposed sale, he appeared to sell the property, but, "deeming it for the interest of all parties concerned," he adjourned the sale to a subsequent day.

The notice to the demandant and the public notices referred to in the return contained the same description of the land as that given in the return. The officer executed a sheriff's deed on the same day of the sale to one Thayer, who was the attorney of the judgment creditor, from whom the tenants derive their title. The deed was in the ordinary form of a sheriff's deed, containing the usual covenants, and was duly recorded. At the date of this writ, the tenants were in exclusive possession of the demanded premises, claiming title in fee under the sale.

The land in question was conveyed by a deed from the Essex Company to the demandant dated July 1, 1858, and referred to in the return on the execution, and was one of three lots of land, as therein recited. By subsequent arrangements between the demandant and the Essex Company, the position of the embankment at its northerly end by Essex Street was moved about seventy-eight feet to the west, and a triangular lot bounded about seventy-eight feet on the north, and marked A on the plan, was conveyed to the demandant.

*E. T. Burley*, for the demandant.

*C. U. Bell & W. S. Knox*, (*W. E. Rowell* with them,) for the tenants.

ALLEN, J. 1. The levy was not rendered invalid by the misdescription of the length of the boundary line on Essex Street. The monuments referred to were plain. On the east the land

was bounded by the westerly line of the railroad; northerly about ninety feet on Essex Street; westerly by an embankment thirty feet wide. There was but one embankment visible, its distance from the westerly line of the railroad being about one hundred and seventy-one feet. To any one examining the premises, the eastern and western boundaries were obvious. By the original deed to the demandant, his lot was only ninety-three $\frac{17}{100}$ feet on Essex Street. By subsequent arrangements with the Essex Company, the position of the embankment at its northerly end by Essex Street had been moved about seventy-eight feet to the west, and a triangular lot bounded about seventy-eight feet on the north had been conveyed to the demandant. The return of the officer refers to the demandant's original deed, and adds that his description is subject to any changes made by agreement in the boundary line of the embankment. The misdescription of the length of the northerly line is partly corrected by this reference, and, the existing monuments on both sides being plain, the misdescription does not avoid the levy, although the levy was by sale, and not by extent. There was no fraudulent intent to mislead. *Baker* v. *Baker*, 125 Mass. 7. *Buffum* v. *Deane*, 8 Cush. 35. *Chappell* v. *Hunt*, 8 Gray, 427. *Noble* v. *Googins*, 99 Mass. 231. *George* v. *Wood*, 7 Allen, 14.

2. The statement in the officer's return that he adjourned the sale " deeming it for the interest of all parties concerned," is sufficient, without saying also that he deemed it " expedient." *Sanborn* v. *Chamberlin*, 101 Mass. 409, 417.

*Judgment affirmed.*