WILLARD L. FRAZEE & others *vs.* WILLIAM B. NELSON.

Middlesex.   January 25, 1901. — September 4, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Evidence,* Best and secondary. *Real Action. Bankruptcy Act,* Section 67 f. *Execution,* Deed to purchaser at sale, Validity of sale and levy.

A writ and an execution and the officer's return thereon, material to show the demandant's title in a real action, may be proved by certified copies without producing the originals.

A demandant in a real action claiming title under a sale on execution must prove that there was a valid judgment on which the execution issued, and the recital of the judgment in the execution is not the best or proper evidence to prove it as against a tenant who is a stranger to the proceedings on the execution, whatever might be the case if the judgment debtor were the tenant.

In this Commonwealth a certified copy from a registry of deeds is sufficient evidence of the execution of the deed of which it is a copy. A copy of a certificate of entry to foreclose comes under the same rule.

Where a deed was proved by a certified copy from the registry of deeds and a copy of a plan referred to in the deed was permitted to be used at the trial, it was

assumed that it was used to show the general locality of the premises, and thus was matter within the discretion of the presiding judge.

The effect of section 67 f of the United States bankruptcy act of 1898 is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him, so that the property may pass to and be distributed by him among the creditors of the bankrupt.

A deed to a purchaser at a sale on execution conveying "all the right, title and interest which the said D. had, at the time when the same was attached as aforesaid," is not bad on the ground that it does not appear that there was any attachment, if earlier in the deed the right, title and interest of the debtor in certain land is spoken of as having been seized on execution.

Where all of a debtor's right, title and interest in certain land is sold on execution and a deed is given by the officer to the purchaser at the sale, it need not appear either in the officer's return or in the deed, whether the property sold was free from or subject to encumbrances.

An officer levied an execution on six different parcels of land and afterwards abandoned the levies on all the lots but one, which he sold on execution. He gave no notice before the time of the sale of the abandonment of the liens on the other lots. *Held,* that the failure to give notice of the abandonment was no ground for invalidating the sale, as it could not have operated to the prejudice of the debtor. More bidders rather than fewer would have been present in consequence of the failure to give such notice.

An obvious mistake in an officer's return on a levy of execution does not defeat the levy.

Pub. Sts. c. 172, §46, provides that, in giving notice to a debtor of a sale of his property on execution, if the debtor does not reside within the precinct of the officer serving the execution and is not found by him therein, such officer shall send by mail post-paid a copy of the notice addressed to the debtor at his place of residence as described in the execution. An execution served by a deputy sheriff of Middlesex County described the debtor as having a usual place of business in Boston. The return of the officer showed that he made diligent search for the debtor within his precinct but was unable to find him or that he had any agent or attorney or any abode last and usual or otherwise therein, and that he sent by mail post-paid a notice of the time and place of the sale and a copy of the execution to the debtor addressed to a certain number on a certain street in South Boston, but did not state that the debtor resided at the street and number named. The debtor was present at the time and place appointed for the sale and at the successive adjournments thereof. *Semble,* that if the notice had been addressed to the debtor at Boston, without adding the street and number, it probably would have been good. *Whether,* if so, the addition of the street and number and the part of Boston would invalidate the notice, the court did not consider, as the return could be amended by stating, if that was the fact, that the debtor resided at the street and number in South Boston named.

Where an officer's return sets out that a sale on execution was adjourned from time to time by direction of the plaintiff's attorney, the court cannot say that such adjournments were not adjournments for "good cause" within the meaning of Pub. Sts. c. 172, § 30.

WRIT OF ENTRY to recover certain real estate in Reading, dated March 9, 1900.

At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the demandants; and the tenant alleged exceptions, which are sufficiently stated in the opinion of the court.

Section 67 f of the United States bankruptcy act of 1898, c. 541, mentioned in the opinion and held to have no application to this case, is as follows: " That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid.  And the court máy order such conveyance as shall be necessary to carry the purposes of this section into effect: *Provided*, That nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a *bona fide* purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

*J. B. Dixon*, for the tenant.

*E. F. McClennen*, for the demandants.

MORTON, J.  This is a writ of entry to recover possession of certain premises in Reading.  The plea is *nul disseisin* which admits the possession of the tenant and puts the demandants to proof of their title.  The case is here on the tenant's exceptions to various matters of evidence, and in regard to certain rulings that were asked for by him and refused, amongst which was one that the demandants had not made out a title and that a verdict be directed for the tenant.  There was a verdict for the demandants.

The demandants claim title under a sale on an execution issued in their favor on a judgment obtained by them against one Dixon.  The judgment was rendered December 27, 1897,

and the execution issued July 16, 1898, and was levied on the demanded premises on July 18, and the premises were sold at auction to the demandants September 10 after several adjournments, and a deed was duly executed and delivered to them by the sheriff.

The demandants must recover, if at all, on the strength of their own title, and not on the weakness of the tenant's title. They are bound to show whatever is necessary to make out a good title in themselves. At the trial they offered in evidence copies of the writ against Dixon, and of the execution and officer's return thereon. These were admitted subject to the tenant's exception. We think that they were rightly admitted. *Chamberlin* v. *Ball*, 15 Gray, 352. But there was no evidence of the judgment except that contained in the recital in the execution, and the tenant contends that, as the case stands, the title of the demandants is defective for want of proof of the judgment. The tenant is a stranger to the suit against Dixon. Proof that there was a valid judgment upon which the execution issued was a necessary link in the demandants' chain of title. Whatever might have been the case if the judgment debtor had been the tenant, we do not think that as against the present tenant the recital in the execution was sufficient proof of the judgment. It was not the best or the proper evidence of it, and for aught that appeared the judgment might have been vacated or set aside or might have been invalid for want of jurisdiction or for some other reason. See *Doe* v. *Murlees*, 6 M. & S. 110; *Hoffman* v. *Pitt*, 5 Esp. 22, 23; *Doe* v. *Smith*, Holt N. P. 589; 2 Stark. 199; *Fenwick* v. *Floyd*, 1 Har. & Gill, 172; *Cooper* v. *Galbraith*, 3 Wash. C. C. 546; 2 Greenl. Ev. § 316; 3 Dane Abr. 63. For this reason the exceptions must be sustained.

As some of the questions now raised may come up at another trial, (if there should be one,) we deem it proper to express our opinion on other matters to which the exceptions relate.

We think that the copies of the deeds, mortgages and assignments were rightly admitted. *Ward* v. *Fuller*, 15 Pick. 185. *Farwell* v. *Rogers*, 99 Mass. 33. *Gragg* v. *Learned*, 109 Mass. 167. In this State a copy from the registry of deeds is sufficient evidence of the execution of the deed of which it is a copy.

*Ward* v. *Fuller* and *Gragg* v. *Learned, ubi supra.* The copy of the certificate of entry to foreclose comes within the rule as to the admission of deeds.

As original evidence it may be doubted whether the copy of the plan was admissible; but it is suggested that it was used to show the general location of the premises. If so, that was a matter within the discretion of the presiding judge. *Paine* v. *Woods*, 108 Mass. 160.

This is not an action between the demandants and the trustee in bankruptcy of Dixon or any one claiming under the trustee, and the evidence that was offered of Dixon's insolvency at the time of the levy and of his subsequent adjudication as a bankrupt within four months thereafter, was immaterial. The effect of § 67 f of the United States bankruptcy act of July 1, 1898, c. 541, is not to avoid the levies and liens therein referred to against all the world but only as against the trustee in bankruptcy, and those claiming under him, so that the property may pass to and be distributed by him amongst the creditors of the bankrupt. *National Mechanics' & Traders' Bank* v. *Eagle Sugar Refinery*, 109 Mass. 38, and cases cited.

It is true as the tenant contends that the burden is upon the demandants to show a compliance with the statute in regard to the levy and sale on execution in all respects necessary to render a title under the levy good, and that such compliance must appear from the officer's return and cannot be shown by evidence *aliunde*. *Parker* v. *Abbott*, 130 Mass. 25. *Haskell* v. *Varina*, 111 Mass. 84. *Litchfield* v. *Cudworth*, 15 Pick. 23. The tenant points out various particulars in which he contends that the return fails to show that the statute has been followed and he insists that the levy and sale were therefore invalid. (1) The first objection relates more particularly to the deed given by the officer and is that the conveyance was of "all the right, title and interest which the said Jonathan B. Dixon had at the time when the same was attached as aforesaid," whereas neither in the return nor in the deed does it appear that there was any attachment. But we think it plain that what is referred to in the language quoted is the right, title and interest which is spoken of earlier in the deed as having been seized on execution. (2) The next objection is that it does not appear in the

return or deed whether the land was sold free from or subject to encumbrances. But the sale was of all the debtor's right, title and interest, and our attention has not been called to any provision in the statute which requires a statement in the return or the deed that the property sold was free from or subject to encumbrances and we know of none. (3) The tenant further objects that the return shows that the officer "levied on and sold six different parcels in Somerville, Medford and Reading, but the deed shows that he conveyed only one of them." But it appears from the return that while the officer levied on different lots in the places named he afterwards by direction of the plaintiffs' attorney abandoned the levies on all the lots except one, — the premises in suit, — and the fair construction of the return is that the sale was of that lot and no more. The fact that no notice was given of the abandonment of the levy on some of the lots could not have operated to the prejudice of the debtor. More bidders rather than fewer would have been present in consequence of the failure to give such notice. (4) The mistake in regard to the second lot is an obvious one, and does not defeat the levy. *Shove* v. *Dow*, 13 Mass. 529. (5) The fair import of the return is that the officer made diligent search for the debtor within his precinct but was unable to find him, or to find that he had any agent or attorney, or any abode last and usual or otherwise therein, *Owen* v. *Neveau*, 128 Mass. 427 ; *Sawyer* v. *Harmon*, 136 Mass. 414, and that he sent by mail postage prepaid written notice of the time and place of sale together with a copy of the execution to the debtor at the address named. " Notice of said sale " means notice of the time and place of sale. It is not stated in the return that the debtor resided at the street and number named. But the debtor was described in the execution "as of and having his usual place of business in Boston," and the place to which the notice was sent was in Boston. Pub. Sts. c. 172, § 46. Without passing upon the question whether the addition of the street and number and particular district would invalidate what otherwise probably would have been a good notice, it is sufficient, we think, to observe that the return can be amended by stating, if that was the fact, that the debtor resided at the street and number given in South Boston, and the objection avoided. The objection is

of the most technical character as the return shows that the debtor was present at the time and place appointed for the sale and at the successive adjournments thereof.

The tenant being a stranger to the proceedings under the execution, it is possible the instructions as to the effect to be given to the officer's return went too far. But no harm was done since the officer having returned that he was únable after diligent search to find the debtor in his precinct or that he had any abode therein it was immaterial whether the debtor in fact resided within his precinct or not. *Owen* v. *Neveau, ubi supra.* (6) The officer had power to adjourn the sale from time to time. Pub. Sts. c. 172, § 30. The return sets out that the adjournments were by direction of the plaintiff's attorney, and we cannot say that such an adjournment is not an adjournment for "good cause" within the meaning of the statute. It was not necessary that the officer should also return that he deemed the adjournments expedient. *Ela* v. *Yeaw,* 158 Mass. 190.

*Exceptions sustained.*