DYKE et al. v. FARMERSVILLE MILL & LIGHT CO.   (No. 1438.)

(Court of Civil Appeals of Texas. Texarkana. March 27, 1915. Rehearing Denied April 8, 1915.)

1. BANKRUPTCY ⟨key⟩195 — ADJUDICATION—EFFECT.

Where, within four months after the levy of an attachment, the debtor was adjudicated bankrupt, the attachment was vacated, and other persons claiming the attached property may question the validity of the lien on that ground.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 296–305; Dec. Dig. ⟨key⟩195.]

2. JUDGMENT ⟨key⟩649—CONCLUSIVENESS—MATTERS CONCLUDED.

A judgment that plaintiff was not entitled to attached property because the debtor became a bankrupt within four months after attachment is not an adjudication that other creditors were entitled to the property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1161; Dec. Dig. ⟨key⟩649.]

Appeal from Camp County Court; G. W. Keeling, Judge.

Action by the Farmersville Mill & Light Company against one Albright, in which C. A. Dyke and another intervened, claiming attached property. From a judgment for plaintiff, defendants appeal. Reversed.

Warren & Briggs, of Gilmer, and E. A. King, of Pittsburg, for appellants. W. R. Heath, J. D. Bass, C. G. Engledow, and M. M. Smith, all of Pittsburg, for appellee.

WILLSON, C. J. Having commenced suit (No. 406 on the docket of the county court of Camp county) against one Albright to recover a debt claimed to be due to it from him, appellee on March 1, 1913, had a writ of attachment issued and levied on a car of corn as the property of said Albright. Ap-

pellants claimed the corn, and on said March 1, 1913, as authorized by the statute (Vernon's Statutes, art. 7769 et seq.), filed an affidavit and bond to try the right of property in same. This appeal is from a judgment in favor of appellee rendered October 21, 1914, in the trial of right of property suit.

[1, 2] At the trial it was shown that Albright was insolvent at the time the writ was levied on the corn; that within four months thereafterward he was adjudged a bankrupt; and that the indebtedness appellee claimed against him was scheduled in the bankruptcy proceedings. It was also shown that the bankrupt court, by an order duly made, had discharged Albright from debts provable against his estate. Appellants insisted in the court below, and insist here, that the effect of the bankruptcy proceedings was to vacate the lien created by the levy of the writ of attachment. Appellee does not deny that such was the effect as to the trustee in bankruptcy, but insists that he alone was entitled to assert it. Its contention seems to be supported by the decision of the Court of Civil Appeals in Hutchins v. Cantu, 66 S. W. 138, and by decisions of the Supreme Courts of Massachusetts (Frazee v. Nelson, 179 Mass. 456, 61 N. E. 40, 88 Am. St. Rep. 391), New Hampshire (Lumber Co. v. Locke, 72 N. H. 22, 54 Atl. 705), and Georgia (McKenney v. Cheney, 118 Ga. 387, 45 S. E. 433), and to be opposed by the decision of the Supreme Court of this state in Bank of Garrison v. Malley, 103 Tex. 562, 131 S. W. 1064. And see Id., 132 S. W. 1198. Following, as we think we should, the ruling made by the Supreme Court of this state, we overrule appellee's contention, and hold that, as appellants could and did show that the lien appellee had acquired on the corn had been vacated, the judgment in its favor was without a basis to support it, and therefore was unauthorized. The judgment will be reversed, and judgment will be here rendered that appellee take nothing as against appellants, and that the latter recover of the former the costs of this court and of the court below. The trial court found that appellants were not the owners, nor entitled to the possession, of the corn. Whether they were or not has not been determined by this court, and the judgment to be rendered here shall not be construed as determining that question.

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes