## LAMKIN et al. v. COLEMAN COUNTY STATE BANK.

### No. 9120.

Court of Civil Appeals of Texas. Austin.

May 13, 1942.

Levie Old, of Brownwood, for appellants.

W. Marcus Weatherred, of Coleman, for appellee.

BLAIR, Justice.

On June 8, 1939, appellants, Charles D. Lamkin and Jack T. Lamkin, sued J. E. Burdick and L. W. Burdick, individually, transacting business under the name of Burdick & Burdick, to recover $486.50; and on the same day caused a writ of garnishment to be issued and served on appellee, Coleman County State Bank, which was returnable July 3, 1939. On June 17, 1939, the bank answered that it was not indebted to either of the Burdicks nor to the firm of Burdick & Burdick. On September 9, 1939, J. E. Burdick and L. W. Burdick filed their petition in bankruptcy, and were on the same day adjudicated bankrupts; and on February 6, 1940, were discharged. At the time the writ of garnishment was served, the firm of Burdick & Burdick had on deposit in appellee bank the sum of $298.08. Between the date of the service of the writ and its return date, July 3, 1939, Burdick & Burdick deposited with the Coleman County State Bank the additional sum of $415.99; and during said period Burdick & Burdick withdrew from their account with the bank by check the sum of $756.76.

The trial court held that under the express provisions of the Bankruptcy Act, § 67, sub. c, 11 U.S.C.A. § 107, sub. c, and § 67, 11 U.S.C.A. § 107, the judgment debtors having been adjudicated bankrupts within four months after the service of the writ of garnishment, the garnishment was rendered null and void, and the lien discharged and released. Bank of Garrison v. Malley, 103 Tex. 562, 131 S.W. 1064; Archenhold v. Schaefer, Tex.Civ.App., 205 S.W. 139, 140; Dyke v. Farmersville Mill & Light Co., Tex. Civ.App., 175 S.W. 478; First Natl. Bank v. Gupton, Tex.Civ.App., 278 S.W. 292; McDonnold v. First' Natl. Bank, Tex.Civ.

760

App., 263 S.W. 939; 6 Am.Jur., p. 703, § 309, and p. 807, § 496.

Appellants concede this to be the true rule; but contend that where, as in the instant case, the garnishee paid out the garnishment funds after the service of the writ and prior to the return date thereof, it was not absolved from the liability thereby created for paying out the garnished funds. In this connection appellants cite as analogous cases which hold that the bankruptcy of a debtor within four months after an attachment or execution does not discharge the surety on the bond given to release the seized property, where the bond is conditioned to pay the amount of any judgment the plaintiff may recover against the defendant. More nearly analogous are the cases which hold that where such surety bond is conditioned to return the property levied on, it is generally held that the sureties thereon are discharged by the bankruptcy of their principal within four months after the attachment or levy. 6 Am.Jur., p. 702, § 308. The bankruptcy statutes unequivocally declare that the lien shall be null and void and that the property affected by it shall be deemed wholly discharged and released, provided that at the date of the creation of the lien the bankrupts are insolvent, which the undisputed evidence in the instant case showed them to be.

■ The trial court also held that under the facts adduced the garnishee bank did not waive its right to offset the amount of the garnishment funds against an indebtedness of more than $2,800 which it held against the Burdicks. The bank's claim and appellants' claim were scheduled in the bankruptcy proceedings; but the bank filed no claim for any payment on its account in the bankruptcy proceedings. It was not shown that the bank had actually applied the amount of the deposits owned by the Burdicks to its indebtedness; but the bank set up the claim that it was entitled to do so in answer to appellants' claim that it had not been discharged of liability as garnishee. Under these conditions there were created issues of fact as to whether the bank had waived its right to offset the deposit of the Burdicks against its indebtedness; and the evidence supports the trial court in holding that it had not waived such right.

The judgment of the trial court will be affirmed.

Affirmed.