The Gulf, Colorado & Santa Fe Railway Company
v. J. M. Nelson.

No. 87.

**1. Evidence—Interrogatories to Opposing Party.**—In a suit by Nelson against the railway company for damages for injuries resulting from being ejected from its train, the railway company propounded interrogatories to Nelson and sought to have his ex parte depositions taken. The mode prescribed by the statute for taking such depositions was strictly pursued, and certain of the interrogatories were pertinent to the issues pleaded, and were so framed as to be susceptible of being taken as confessed. *Held:*

1. No excuse being offered for Nelson's failure to answer said interrogatories, they should have been taken as confessed, and it was error to allow Nelson, over objection of the railway company, to testify in contradiction thereto.

2. That Nelson was cross-examined oy the railway company upon the trial does not cure the error. A right guaranteed by the statute was denied, and the ruling was calculated to injuriously affect the rights of the railway company.

3. Although the law makes no provision by which the depositions of a corporation can be taken, and the depositions of its managing officer can not be taken in an ex parte manner so as to bind the corporation, this does not exempt others who are litigating with a corporation from the operation of the statute.

**2. Charge of Court—Weight of Evidence.**—See charge of court held a reversible error, because it assumed that Nelson had been ejected from the train, that being the main controverted issue raised by the pleadings and evidence.

3. **Appointing Physician to Examine Injured Plaintiff.**—It would not be error to refuse to require an injured plaintiff, in such case, to submit to a physical examination respecting the extent, character, and permanency of his injuries, by a physician named by the railway company; it is left undecided whether the court should in any case require a plaintiff to submit to such examination.

APPEAL from Dallas.    Tried below before Hon. R. E. BURKE.

*Alexander & Clark* and *J. W. Terry*, for appellant.— 1. Defendant, although "a corporation," was such a party as was authorized to take the deposition of plaintiff in accord with article 2239, Revised Statutes. Rev. Stats., arts. 2239, 2243; Railway v. Reason, 61 Texas, 613.

2. It was not essential that every interrogatory in the set be in manner and form susceptible of being taken pro confesso in order that such as were could be so taken.

3. A party who willfully refuses to answer interrogatories propounded to him under the statute by the adverse party, is concluded thereby, and must be held to have confessed such interrogatories as are susceptible of being taken pro confesso.    Friend v. Miller, 62 Texas, 178; Bounds v. Little, 75 Texas, 316.

4. The court erred in refusing defendant the privilege of a physical examination of plaintiff by a physician present in court, at its instance, because plaintiff in open court refused to voluntarily submit thereto. Railway v. Norfleet, 78 Texas, 322.

5. The court erred in refusing to submit the issue raised by defendant's special plea, as the charge of the court ignored the issue raised by defendant's plea, in this, the charge of the court throughout assumed that plaintiff was ejected from the train, thereby being a charge upon the weight of evidence.    Defendant denied this, but plead that for cause its brakeman expelled plaintiff from the coach to the platform of the car, but not from the train.    Whitsett v. Miller, 1 Posey's U. C., 203; Railway v. Nixon, 52 Texas, 19; Hudson v. Morriss, 55 Texas, 595; Railway v. Underwood, 64 Texas, 463; Railway v. Chrisman, 65 Texas, 369; Railway v. Greenlee, 62 Texas, 349; Spence v. Onstott, 3 Texas, 147; Railway v. Hardy, 61 Texas, 230.

*T. F. Nash* and *Crawford & Crawford*, for appellee.—1. The right to take the deposition of the adverse party, under article 2239, must be reciprocal; and where this right can not be exercised by one party to the suit, it should not be by the other.    It certainly was not the intention of the Legislature to subject one party to an inquisition from which the other was exempt; indeed, the power to do so may be seriously questioned.

2. The charge asked and refused was in substance an instruction that unless plaintiff was thrown from the train he could not recover.    The jury

had already been told that the plaintiff must show to their satisfaction that he was without cause ejected from the rapidly moving train, and violently thrown from the train, before he could recover.

3. Under no circumstances should an injured party be required to submit his person to the inspection of a physician selected by his adversary. The utmost limit to which the court should go would be to appoint some one to make the examination who was impartial between the parties, and then only when there is an imperative necessity for such an examination.

RAINEY, Associate Justice.—Appellee, plaintiff below, brought this suit against appellant, defendant below, to recover damages alleged to have been sustained by reason of injuries resulting from being wrongfully éjected by the conductor from a passenger train while in motion, and being operated on appellant's road. Appellant answered, denying that appellee was ejected from said train, but on account of his indecent language in the presence of ladies he was removed from said train, and no more force used than was reasonably necessary for that purpose.

Defendant propounded interrogatories to plaintiff, and sought to have his testimony taken under article 2239, Revised Statutes. The same were duly placed in the hands of a proper officer, who endeavored to take same; but plaintiff refused to answer, which fact was duly certified to by the officer. Upon the trial, when the witness took the stand to testify in his own behalf, defendant objected to his testifying because of his refusal to answer the interrogatories, and especially to his testifying in contradiction to interrogatories 6, 7, and 8 propounded by defendant, and requested that said three interrogatories be taken pro confesso. The objection was overruled, and plaintiff allowed to testify in reference to the matter contained in said three interrogatories, and generally about the case. It is not claimed that the other interrogatories were susceptible of being taken as confessed. Said sixth, seventh, and eighth interrogatories are as follows:

" 6. After you left the fair grounds and got on the train, is it not true that you were feeling the liquor you had been drinking? Is it not true that you were tight? Were you perfectly sober when you left the fair grounds and got on said train? If you were not perfectly sober, how drunk were you?

" 7. Is it not true that at the time the said man came to you on the train and demanded your fare, that you were talking in a loud and boisterous manner and having a good time generally? If not true, state exactly how you were conducting yourself. Is it not true that when you are drinking, and are with the boys having a good time with the boys, that you curse pretty freely? Is it not true that you had been using oaths in the car while you were carrying on with the boys, before the man ever asked you for your fare? Is it not true that the man you had

the difficulty with first came up to you and told you there were ladies in the car, and that you must quit cursing and being boisterous? If not true, state when he did tell you this, and state exactly what he told you. Is it not true that you don't remember what he did tell you? Is it not true that you were so full of liquor that you were not in a condition to know exactly what you were doing, or what he or any one else said to you? Is it not true that you cursed said man? Is it not true that he told you he would have to get the conductor after you? Is it not true that you told him you were not afraid of him or the conductor either, and that you were a 'son-of-a-bitch from hell?' If not true, state exactly what you did say.

"8. Is it not true that the man who asked you to see your ticket insisted on your quitting being boisterous and cursing in the car where the ladies were? Is it not true that your difficulty with him was caused by your continuing to be boisterous, and continuing to curse in the car where the ladies were? If not true, state the facts."

The statute provides that the testimony of either party to a suit may be taken upon interrogatories filed in the cause without notice, etc. Rev. Stats., arts. 2239, 2240. Article 2243 provides: "If the party interrogated refuses to answer, the officer executing the commission shall certify such refusal, and any interrogatory which the party refuses to answer, or which he answers evasively, shall be taken as confessed." These provisions are plain. The mode prescribed therein for taking depositions was strictly pursued by defendant in trying to secure the deposition of plaintiff. The interrogatories 6, 7, and 8 propounded are pertinent to the issues pleaded, and are so framed as to be susceptible of being taken as confessed, and they should have been so taken, unless some good reason appears why the same ought not to have been done.

Appellee contends, that the object and intention of the framers of the law was that it should be reciprocal between the parties, and as the law is inoperative as to a corporation, so it should be to those who sue or are sued by corporations. It is true that the law makes no provisions by which the deposition of a corporation can be taken, and in Brown v. Thompson & Ohmstede, 79 Texas, 58, it was held that in a suit against a corporation the depositions of its managing officer could not be taken in an ex parte manner so as to bind the corporation. But this, we think, is not a sufficient reason to exempt others who are litigating with a corporation from the operation of the statutory rule above laid down. In the case of Railway v. Reason, 61 Texas, 613, the railway company propounded interrogatories to Reason, and Mr. Justice Stayton treated the method of so taking as proper, though in that case the question here presented was not raised.

Appellee also contends, that as plaintiff was put upon the stand, and being subjected to the cross-examination of defendant's counsel, the ob-

ject of the statute was subserved and defendant not injured thereby. Whether or not defendant was injured by such ruling can not be determined by this court. The question is, was the ruling calculated to affect the rights of defendant injuriously? We think so. A right guaranteed it by the statute was denied; and such being the case, we feel constrained to hold the ruling erroneous in so far as refusing to take the interrogatories 6, 7, and 8 as confessed, and in allowing plaintiff to testify in contradiction thereto.

In Bounds v. Little, 75 Texas, 316, the officer requested the party to answer the interrogatories, yes or no. The party insisted he could not so answer, and the officer told him that "under the circumstances he would not answer himself;" and it further appearing that he did not willfully refuse, the court held that such interrogatories ought not to be taken as confessed. In no case that we have been able to find has the court gone further than in the case here mentioned. In the case at bar, no excuse is offered for plaintiff's failure to answer, and to hold the ruling on this point as to the interrogatories 6, 7, and 8 immaterial error, would, in effect, be declaring the statute of no force and effect. Friend v. Miller, 62 Texas, 177.

After explaining to the jury under what circumstances a conductor could lawfully eject a passenger from the train, and in applying the law to the facts, the court instructed them as follows: "If from the evidence you are satisfied that at the time as alleged by the plaintiff he was a passenger on one of defendant's trains, having purchased a ticket which entitled him to ride from Dallas to Sachse, and being thus on the train, he was, without any cause, ejected therefrom by the conductor or brakeman, as alleged by him, and was violently thrown from said train, then moving rapidly, as alleged, and by reason of the same he was injured, then plaintiff is entitled to recover." The court also, in charging upon the burden of proof, says: "The burden of showing to your satisfaction his right to a recovery as prayed for, by a preponderance of evidence under the law, devolves upon the plaintiff, and if he has failed to show this, then you should find for the defendant."

After the court had in his charge given the rules of law governing the case, and after having applied the law to the facts as above set forth, and when charging upon actual damages, he said: "Hence, from the above you will observe the issues here presented bearing upon actual damages are, was plaintiff ejected from the train by the brakeman, without any cause upon plaintiff's part; or was the plaintiff, at the time he was ejected, using vulgar and indecent language toward the brakeman; and did the brakeman, in ejecting him, use the necessary caution, and use no more force than was necessary to accomplish his ejectment?"

And again, when charging upon exemplary damages, the court used the following language: "If you find from the evidence before you that

at the time or just before plaintiff was ejected, he offered to produce his ticket," etc.

It will be observed from the foregoing that the court repeatedly assumed in his charge to the jury that the plaintiff was ejected from the train. The main controverted issue in this case was whether or not plaintiff was ejected from defendant's train by the conductor or brakeman in charge of same. There was evidence on this point pro and con, and the court should not in any part of his charge have assumed such an important issue as true, but left its determination to the jury. The evidence being conflicting upon this material issue, an affirmative charge embodying defendant's theory should have been submitted to the jury; especially is this so, as the defendant asked the court to give a special charge embodying the affirmative of the theory contended for by it, which was refused.

Counsel for appellee contend, that taking the charge as a whole, it could not have been misleading; that the language contained in the two first paragraphs of the charge above quoted were sufficient to indicate to the jury the rule by which they should be governed in determining the issue involved. We can not agree with counsel on this proposition. Justice Stayton, in Railway v. Christman, 65 Texas, 375, says: "It is for the court to determine the admissibility of evidence; and it has the power, on motion for new trial, to declare whether sufficient evidence has been offered, and this power should be judiciously exercised; but a charge which, in effect, may induce the jury to believe that in the opinion of the judge there is evidence sufficient to prove, or strongly tending to prove, a controverted fact, is objectionable." We are of the opinion that the charge complained of is clearly upon the weight of the evidence, and was calculated to lead the jury to the conclusion that the ejecting of plaintiff from the train was not controverted, and giving of same is reversible error. Railway v. Underwood, 64 Texas, 463; Smith v. Savings Bank, 1 Texas Civ. App., 115; Stooksbury v. Swan, 85 Texas, 565.

The defendant, in open court, requested that the plaintiff be required to submit to a physical examination by physicians, that the extent, character, and permanency of his injuries might be determined, alleging that plaintiff had refused to submit to such an examination; and suggested that there was a physician in court, at the instance of defendant, who would make the examination. If the request was made that the physician named by defendant should make the examination, or if the objection of plaintiff was to being examined by this particular physician, then the ruling of the court was not error. The bill of exception on this point is not very clear as to what was exactly the basis of the court's ruling, or of plaintiff's refusal to be examined.

Whether or not it is proper for the trial court to require a party to submit to a physical examination, has been discussed by our Supreme Court

in the following cases, but has never been decided: Railway v. Norfleet, 78 Texas, 321; Railway v. Johnson, 72 Texas, 101; Railway v. Underwood, 64 Texas, 463.

In these cases, under the facts as therein presented, the court held that there was no error in the refusal of the court to require the plaintiff to submit to an examination. In all of them it is held, that the power should never be exercised unless it is clearly shown that it is necessary to attain the ends of justice; and in Railway v. Johnson, supra, it is said: "If this power should be exercised at all, it should be by the appointment by the court of one or more disinterested experts, either of its own selection, or such as may be agreed upon by both parties." We are unable to determine from the bill of exceptions the exact ground upon which the court based its ruling on this point, and can not say that it is erroneous; hence, do not decide that the court should require the plaintiff to submit to the examination in any case.

We deem it unnecessary to discuss the other errors assigned, further than to remark that the language in reference to Jay Gould, used by counsel for plaintiff in his argument to the jury, was improper, and should not have been indulged in.

The judgment of the court below is reversed and remanded for a new trial.

*Reversed and remanded.*

Delivered November 22, 1893.