## ANTON WEINERT V. WILLIAM SIMANG ET AL.

Decided May 14, 1902.

1.—Abstract of Judgment—Evidence—Certificate.

The original certificate of the county clerk required by law to be given to the owner of a judgment at the time an abstract of it is recorded is not objectionable as secondary evidence when offered to prove the record of such abstract, nor inadmissible because it fails to give the page of the record.

2.—Same—Deed in Fraud of Creditors.

Where the deed of a judgment debtor under which defendant claims was not in good faith, it is immaterial that an abstract of a judgment against the grantor under which plaintiff claims through a sheriff's sale was not recorded until after such deed was made.

3.—Evidence—Execution—Date—Immaterial Variance.

Where plaintiff alleged the levy of the execution through sale under which he claimed as of July 11th, and the sheriff's return showed it as of July 8th, the variance was immaterial.

4.—Same—Notary's Certificate to Deposition.

Where a motion was made to strike out a notary's certificate to a deposition, certifying that the witness had refused to answer the questions, and evidence was heard as to the truth or falsity of the certificate, the action of the court in denying the motion and refusing to allow the witness to testify at the trial will not be revised in the absence from the record of the evidence so heard.

5.—Judgment—Verdict Not Supporting.

Where verdict was rendered against two defendants for the land and the damages claimed by plaintiff, a judgment thereon against both defendants for the land, but against only one of them for the damages, was unauthorized.

Appeal from Bexar.  Tried below before Hon. J. L. Camp.

*A. W. Seeligson* and *Paschal & Ryan,* for appellant.

*Geo. C. Altgelt,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to lot No. 12 in block No. 3, corner of Matamoras and San Saba streets, city of San Antonio, instituted by William Gembler against William Simang and Anton Weinert. In addition to pleading the statutory matters required, Gembler alleged that he claimed title to the land through a sheriff's sale of date July 11, 1896, which was made by virtue of an execution issued under a judgment held by Gembler against William Simang, and he alleged that appellant was claiming the land through a deed made to him by William Simang, which deed was made for the purpose of defrauding the creditors of the said Simang. Simang filed a disclaimer. Appellant filed general and special exceptions, and pleaded not guilty, that he was a purchaser in good faith without notice of Simang's insolvency, and for a valuable consideration, and that there was an outstanding title in one Joel Hays. Under instructions of the court the jury returned a verdict in favor of Gembler for the land and $1240 for rents.

The first assignment of error complains of the admission in evidence of the abstract of the judgment in the case of Gembler v. Simang, and the county clerk's certificate of the record of the same, the grounds of objection being that such evidence was secondary; that the page of the record of the judgment was not given in the certificate and that the abstract was not issued, filed, or recorded until after the deed from Simang to Weinert was recorded. A valid judgment against Simang was proven, the issuance of a valid execution thereunder, and a levy and sale of the land, and while under the facts it was unnecessary to introduce any evidence as to the judgment being a lien, we are unable to see that its introduction in evidence could have been in any possible way injurious to the rights of appellant. However, the certificate was properly admitted in evidence. It was the original certificate required by law to be given to the owner of the judgment and the best evidence that could be procured. The objections as to the page of the record not being given is not meritorious. The objection that the abstract was not recorded until after the deed to Weinert was executed is worth nothing unless the deed was made in good faith, which does not appear from the record.

The petition alleged that the levy of the execution was made on July 11, 1896, while the sheriff's return showed that the levy was made on July 8, 1896. The variance was not calculated to mislead or surprise appellant and was immaterial. Taylor v. Carter, 62 Texas, 489; Wiebusch v. Taylor, 64 Texas, 53; Longby v. Caruthers, 64 Texas, 287; Bank v. Stephenson 82 Texas, 435. The other grounds on which variance is claimed are equally untenable.

The only other questions involved in this case are in connection with the overruling of a motion to strike out the return of the notary public on a commission to take the depositions of appellant, and a refusal to allow him to testify in person or by depositions taken at his own instance. It appears from a bill of exceptions that on August 31, 1897,

interrogatories were filed, without notice, to appellant and a commission issued to take the answers thereto. On September 2, 1897, the interrogatories were properly returned by the notary public with the following certificate attached thereto:

"State of Texas, County of Bexar: I, F. C. Davis, a notary public in and for Bexar County, Texas, do hereby certify that in accordance with the authority and instructions given me as a notary public of Bexar County, Texas, as shown by the accompanying and attached commission, I caused to come before me at my office in the Kampmann building, in the city of San Antonio, Bexar County, Texas, Anton Weinert, for the purpose of taking his answers to the questions propounded to said witness, and which questions are hereto attached.

"I further certify that said witness Anton Weinert refused to answer said questions or any one of said questions.

"I further certify that said witness stated to me that he could both speak and read English language; but refused to answer said questions because he could not understand some of the questions, whereupon I offered to explain such questions to him.. Witness then refused to answer any of said questions unless a German linguist explained such questions to him. Whereupon I proposed to get a German who understands and speaks both German and English, to explain each of said questions to said witness.

"I further certify that said witness refused to remain and answer said question after being assured that said interpreter could and would be had at once, and that unless he remained and answered said questions I would return to the court this commission and certificate.

"I further certify that said witness acknowledged to me that all of or most of said questions had at a previous date been explained to him.

"Given under my official signature and seal this the 22d day of September, A. D. 1897.

　　[Seal]　　　　　　　　　　　　(Signed)　　"F. C. DAVIS,
　　　　　　　　"Notary Public in and for Bexar County, Texas."

On November 23, 1897, appellant filed a motion to strike out the certificate, offering to show the falsity of the certificate and offering certain depositions which were taken in answer to copies of the interrogatories after the return of the certificate. On November 3, 1897, the court after hearing the evidence on the questions raised by the motion overruled the motion. To that action of the court no exception was taken at the time, but on November 16, 1901, when the cause was regularly called for trial, appellant objected to the introduction in evidence of the certificate and to the interrogatories being taken as confessed, and offered the answer of appellant taken at his instance in answer to the interrogatories and also offered appellant to testify in person, all of which was overruled by the court, the ground stated being that the matter had been heard on the evidence in 1897 and could not upon the

motion of appellant be opened again.   None of the evidence heard on
the motion to suppress the certificate is brought up in the record, and
in its absence this court must presume that it was sufficient to justify
the court in its action.

Let it be admitted, as contended by appellant, that the court had the
power and authority in 1901 to re-examine a question that had been
determined in 1897, yet in the absence of the testimony that was offered
on the first trial of the question and with no suggestion that it would
have been different on another trial from that on the former, how can
this court hold that the court erred, unless it be error to refuse to allow
a party to testify in person or in answer to interrogatories propounded
by himself, after he has discovered that his contumacious conduct will
cause the answers to the interrogatories he had refused to answer to be
taken as confessed.   Such a construction would render nugatory article
2297, Revised Statutes, where it is provided that "if the party inter-
rogated refuses to answer, the officer executing the commission shall cer-
tify such refusal, and any interrogatory which the party refuses to an-
swer, or which he answers evasively, shall be taken as confessed."

A number of cases have been cited by appellant to show that the court
should have set aside the certificate of the officer and have permitted ap-
pellant to testify, but none of them hold that this court has the author-
ity to determine that the action of the court in deciding against appel-
lant on his motion to suppress the certificate in the first instance and to
have another hearing on it in the second instance was erroneous, in the
absence of a statement of the facts upon which the motion was tried.

In the case of Bounds v. Little, 75 Texas, 316, the evidence of the
appellant contradicting the certificate of the notary public was fully
set out in the statement of facts and was uncontradicted as to what
occurred between him and the notary public, and the court very cor-
rectly held that the trial court erred in taking the answers to the inter-
rogatories as confessed.   In the course of the opinion it was held that
"if the party has once willfully refused he should be concluded."

In the case of Norton v. Davis, 83 Texas, 32, the party explained fully
what appeared to be an evasive answer and the court permitted her to
testify as to the matter.  Her explanation appeared in the record.

In the case of Robertson v. Melaskey, 84 Texas, 559, it was held that
where the party interrogated showed that he did not refuse to answer
the interrogatories, but simply requested that he have time to consult
with his attorney, and offered to answer next day, the court should not
have taken his answers as confessed.

In the case of Wofford v. Farmer, 90 Texas, 651, the court reaffirmed
the ruling in the case last above cited, the facts fully appearing in the
record.

In the case of railway v. Winder, 31 Southwestern Reporter, 715, the
Court of Civil Appeals held, in view of the facts fully set out in the
record, that the trial court did not err in setting aside its order holding

that the interrogatories should be taken as confessed. The evidence on which the trial court acted was all before the appellate court.

In McLaughlin v. Carter, 13 Texas Civil Appeals, 694, the question was as to the right of the party interrogated to consult his attorney, and the court followed Bounds v. Little and Robertson v. Melaskey, above cited.

The answers taken as confessed show that the deed made by Simang to appellant was made in bad faith and for the purpose of defrauding creditors and that appellant was a party to the fraud. No outstanding title was proved. The rents were proved as found by the jury.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

There was no offer upon the part of appellant to introduce additional testimony as to the certificate, the only witness whose testimony was rejected according to the assignment of error being that of appellant himself. There is no attempt to set out in the bills of exceptions the testimony that appellant wished to introduce, and there is nothing to indicate to this court its nature or materiality. The evidence may have been the same that had been offered to the court at a former term; but what it was, the record does not inform us.

The trial judge instructed the jury to "return a verdict for plaintiff against both defendants for the property in controversy, and for damages at the rate of twenty dollars per month from the 10th day of August, 1896, to date; being twelve hundred and forty dollars." In response to that instruction the jury returned the following verdict: "We the jury find for plaintiff against both defendants for the property in controversy, and damages in the sum of twelve hundred and forty dollars." Upon that verdict a judgment was rendered in favor of Gembler against both Weinert and Simang for the property, and against Weinert alone for the sum of $1240. This action of the court is complained of by appellant, and we think properly so.

Simang made no objection to the instruction of the court or to the verdict in the lower court, and has filed no brief in this court, and the judgment of the District Court will be reformed so as to make it conform to the verdict rendered by the jury. In other respects, the motion for rehearing will be overruled.

Writ of error refused.