### BANK OF GARRISON v. F. W. MALLEY, ET AL.

No. 2053.    Decided November 16, 1910.

1.—Bankruptcy—Attachment.

An adjudication of bankruptcy of a defendant whose property has been attached by a creditor suing in the State Courts within four months preceding

vacates such attachment. (Bankrupt Law of 1898, secs. 67f, 67c). First National Bank v. Staake, 202 U. S., 146, followed. (Pp. 566, 567.)

**2.—Same—Case Stated.**

Plaintiff, in an action in the District Court, attached real estate as the property of defendant, a nonresident, making codefendant his grantee who was alleged to hold title in trust for him. Defendant answered that he was insolvent when the attachment was sued out and within four months was adjudged a bankrupt by the United States Court, a trustee in bankruptcy appointed, and himself finally discharged in bankruptcy. An agreed case showed that the adjudication was on a petition in voluntary bankruptcy; that the petitioner scheduled plaintiff's debt among his liabilities, but not the attached property among his assets; that plaintiff did not prove up his claim in bankruptcy; that defendant was insolvent when attachment issued, but the fact was not known to plaintiff; that the trustee took no steps to subject the attached property to the claims of creditors. Held, that judgment was properly rendered for defendant on the pleadings and agreed case, the attachment being vacated by the bankruptcy proceedings. (Pp. 563–567.)

Certified question from the Court of Civil Appeals for the First District in an appeal from the County Court of Nacogdoches County.

*King & King,* for appellant.—An attachment lien upon lands within four months of the adjudication in bankruptcy of a party alleged to be the owner, will not be avoided because of the adjudication in bankruptcy at the instance of the bankrupt. A lien thus acquired will be avoided at the instance of the trustee in bankruptcy, and those claiming under him, only. Hutchins v. Cantu, 66 S. W., 138; Frazee v. Nelson, 61 N. E., 40; New Orleans Acid & F. Co. v. Grisson, 31 So., 336.

*June C. Harris* and *E. P. Hudson,* for appellees.—An attachment lien obtained against the property of a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy becomes null and void when he is adjudged a bankrupt, and the property affected by such lien is wholly discharged and released from the same and passes to the trustee as part of the estate of the bankrupt. Such lien is not voidable at the instance of the trustee, but is absolutely void upon the adjudication of the person as a bankrupt. U. S. Bankruptcy Act of 1908, sec. 67f; First Nat. Bank of Baltimore v. Staake, 202 U. S., 141; Miller v. U. S. Acid & F. Co., 211 U. S., 496; In re Walsh Bros., 159 Fed., 560.

MR. JUSTICE BROWN delivered the opinion of the court.

On certified question from the First District. We copy the statement of the Honorable Court of Civil Appeals as follows:

"In this case the Bank of Garrison, a partnership doing business under that name, brought suit in the District Court against F. W. Malley to recover the amount due upon four certain promissory notes of $358.20 each. The suit was instituted on February 27, 1908. F. H. Malley was also made defendant upon the allegation that a certain tract or parcel of land, the title of which was in his name, was held by him in trust for his codefendant, F. W. Malley, who was alleged to be the real and beneficial owner and that an attach-

ment was sued out for the seizure thereof. Simultaneously with the filing of the suit an attachment was sued out by plaintiffs which was, on February 28, 1908, regularly levied by the sheriff upon said land and the writ duly returned. There was a prayer in the petition for foreclosure of the attachment lien upon whatever property might be seized under the attachment writ. Both defendants were alleged in the petition to be nonresidents of the State, but both appeared and filed separate answers. F. H. Malley filed general demurrer and general denial. F. W. Malley also filed general demurrer and general denial, and in addition pleaded his adjudication as a bankrupt by the United States District Court for the Eastern District of Texas on the 15th day of April, 1908, and that he had been by order of said court duly and regularly discharged as such bankrupt on October 5, 1908. It was alleged that the debt here sued for was duly scheduled by the said bankrupt. It was further alleged, that at the time of the levy of the said writ of attachment the said F. W. Malley was wholly and totally insolvent, and defendant prays that he be allowed to go hence with his costs. To this answer as to the bankruptcy proceedings plaintiff, by supplemental petition, interposed a general demurrer and special exceptions alleging, in substance, that it appeared from the answer that plaintiff's suit was instituted and the attachment levied before the adjudication of bankruptcy. As we understand the record the parties agreed to submit to the court, as a question preliminary to the trial of the issues as to the title to the land, the validity of the attachment levied upon the land within four months of the adjudication of bankruptcy and the discharge of the bankrupt as a defense to the action. This submission was made upon the following agreement:

" 'Agreed Statement of Facts on Hearing of Plea on Discharge in Bankruptcy of Defendant, F. W. Malley.

" 'It is agreed that defendant, F. W. Malley, at the time this suit was filed, owed the amount described in the petition to the Bank of Garrison; that the suit was filed on the 28th day of February, 1908, by the Bank of Garrison against the defendants, F. W. Malley and ¬F. H. Malley, to recover as against the defendant, F. W. Malley, the amount described to be due in the petition and that contemporaneous with the filing of the suit a writ of attachment was duly sued out and on the 28th day of February, 1908, was levied by the sheriff of Nacogdoches County, Texas, on the tract of land described in the officer's return, as the property of F. W. Malley. Land described as follows:

" 'All that certain tract or parcel of land situated in Nacogdoches County, Texas, about one mile N. E. from the town of Garrison, and being a part of the Ransom Olfin 640 survey, and bounded as follows: Beginning on the H. E. & W. T. R. R. right of way, where the S. W. line of said Ransom Olfin survey crosses said right of way, 580 vrs. N. 40 W. on the S. or S. W. corner of said survey; thence N. 40 W. 317 vrs. a corner, from a .... brs. .... vrs. and a .... brs. .... vrs.; thence N. 50 E. 1188 8/10 vrs. the Bowen E. or N. E. corner, a Pine and Hickory as witness trees; thence S. 40 E. 660 vrs. stake on Railroad right of way; thence Southwestwardly with said

R. R. right of way to the place of beginning, containing 103 acres more or less, being the same land described in a deed from G. E. Oxsheer to Fred H. Malley of date October 24, 1903, of record in Book 58, page 246, of the Deed Records of Nacogdoches County, Texas, reference to which is here made for a more complete description of same.'

"That the writ with the return of the officer was returned and filed in the District Court of Nacogdoches County, Texas, on the 29th day of February, 1908, showing its execution by levy upon the land therein described and the writ was on the 29th day of February, 1908, filed for record and upon said date duly recorded in Vol. 1, page 13, of the Attachment Records of said county, which was properly indexed, as required by law, by J. A. Spears, county clerk of Nacogdoches County, Texas.

"That on the 25th day of April, 1908, the defendant, F. W. Malley, filed a voluntary petition in bankruptcy and was adjudicated a bankrupt on the same date; that he scheduled the debt described in the plaintiff's petition as one of the debts due by his estate, but did not describe and schedule the land described in the return of the officer upon the writ of attachment as a 'part of his assets. That a trustee was duly elected of his estate in bankruptcy and that he at no time claimed or undertook to subject the land upon which the attachment lien had been procured and fixed, to his control as trustee of, and as a part of the estate of, the defendant, F. W. Malley. That the defendant, F. W. Malley, was on the 5th day of October, 1908, duly and legally discharged in bankruptcy from all debts provable against his estate except those excepted by the bankruptcy law.

"That the plaintiff at no time during the administration of his estate in bankruptcy proved up the claim against said estate and described in its original petition.

"That the defendant, F. W. Malley, at the time of the filing of the original suit, the issuing and levy of the writ of attachment upon the land described in the levy, was insolvent and had been for four months prior thereto, but the fact of his insolvency was not known to the plaintiff at the time, nor was there any fact within plaintiff's knowledge that would have caused him to believe his condition was such.

"Upon the pleadings and this agreement the court rendered judgment overruling plaintiff's exception to the answer of F. W. Malley, and sustaining the plea, as urged, of the adjudication and discharge in bankruptcy of F. W. Malley, and adjudging that on account of the plea of adjudication and discharge in bankruptcy, the plaintiff take nothing, and that the defendants go hence with their costs. From the judgment plaintiff prosecutes this appeal.

"The appeal as we understand it, turns upon the question as to whether, under the facts shown, under the provision of Article 67f of the Bankruptcy Act, the lien of the attachment levied within four months of the adjudication of the defendant F. W. Malley as a bankrupt, is void, as between the parties to this suit, or whether, as contended by appellant, such lien is only void as against the trustee in bankruptcy, and such trustee not being a party to this suit, under

the provisions of the Bankruptcy Act, adjudication of bankruptcy does not affect the attachment. Appellant has cited and relies upon the decision of the Court of Civil Appeals of the Fourth District in the case of Hutchins et al. v. Cantu (66 S. W. R., 138), which seems to us to support their contention. We have not been able to find any ground upon which to distinguish that case from this, insofar as concerns the application of the rule to the facts of the case. A majority of the court can not agree to the doctrine announced· in that case. The question is decisive of this appeal.

"We therefore certify to your Honors the following question, as to which we respectfully ask to be advised:

"Question. Under the facts of this case did the trial court err in rendering the judgment referred to?

"In the opinion of the majority it is of some significance in the decision of the question that there is no evidence that the administration of the bankrupt estate was not still open, less than six months having elapsed between the adjudication of bankruptcy and the trial of the case at bar."

To the question submitted we answer, no.

Sections 67f and 67c of the Bankrupt Law of 1898 provide:

"Sec. 67f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, 'and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall .be preserved by the trustee for the benefit of the estate as aforesaid. . . ."

"Sec. 67c, which also treats of liens created by attachments on mesne process and provides for their dissolution, in the last clause declares that:

". . . if the dissolution of such lien would militate against the best interests of the estate of such person, the same shall not be dissolved, but the trustee of the estate of such person, for the benefit of the estate, shall be subrogated to the rights of the holder of such lien and empowered to perfect and enforce the same in his name as trustee with like force and effect as such holder might have done had not bankruptcy proceedings intervened."

In First National Bank v. Staake, 202 U. S. Rep., on page 146, Mr. Justice Brown, delivering the opinion of the court, said:

"This section (67f) makes two distinct provisions for the disposition of the property of an insolvent attached within four months prior to the filing of a petition in bankruptcy against him. First, such attachments shall be declared null and void, and the property affected shall be deemed released, and shall pass to the trustee of the estate of the bankrupt; or second, the court may order that the right acquired by the attachment shall be preserved for the benefit

of the estate. In the first case the whole property passes free from the attachment. In the second, so much of the value of the property attached as is represented by the attachments passes to the trustee for the benefit of the entire body of creditors, that is, 'for the benefit of the estate'—in other words, the statute recognizes the lien of the attachment, but distributes the lien among the whole body of creditors."

The words of the statute are unambiguous, and, if it was susceptible of being made plainer, then the language used by the Supreme Court of the United States, as above quoted, would fully explain the intent and purpose of Congress in passing the law, and there is really nothing left for this court to do but to follow the decision of the Supreme Court of the United States upon this question, which is final and conclusive upon us on questions of this character, even if we had a doubt as to the construction placed upon that Act, which we have not. Any discussion of this question by us would be superfluous.