Ex parte COBB. (Court of Criminal Appeals of Texas. Dec. 21, 1910.) Appeal from District Court, Titus County; P. A. Turner, Judge. Application by Bill Cobb for a writ of habeas corpus to secure bail. From a judgment refusing bail, relator appeals. Reversed, and bail fixed. Rolston & Ward, for appellant. John A. Mobley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator, being under arrest on charge of murder, resorted to writ of habeas corpus to secure bail. Writ was awarded, and upon a trial and after the evidence was introduced the court refused bail. After a careful revision of the evidence, we are of opinion relator is entitled to bail. Therefore the judgment of the trial court is reversed, and the officer having relator in custody will take his bond in the terms of the law · in the sum of $5,000, upon giving of which he will be released from custody.

McCORD, J., absent.

HOWARD v. STATE. (Court of Criminal Appeals of Texas. Dec. 7, 1910.) Appeal from District Court, McLennan County; Richard I. Munroe, Judge. George Howard was convicted of burglary, and he appeals. Affirmed. John A. Mobley, Asst. Atty. Gen., for the State.

McCORD, J. This is an appeal from a conviction for burglary, with a penalty of 12 years' confinement in the penitentiary. The record is before us without a statement of the facts or bill of exceptions. In the shape the record is in, there is nothing before us that can be revised. The judgment is affirmed.

MACKEY v. STATE. (Court of Criminal Appeals of Texas. Dec. 7, 1910.) Appeal from District Court, McLennan County; Richard I. Munroe, Judge. Lum Mackey was convicted of robbery, and he appeals. Affirmed. John A. Mobley, Asst. Atty. Gen., for the State.

RAMSEY, J. On the 11th day of March of this year the grand jury of McLennan county returned into court an indictment against appellant, charging him with robbery, alleged to have been committed on the 15th day of September, 1908. Thereafter, on April 7, 1910, appellant was by the jury convicted, and his punishment assessed at confinement in the penitentiary for a period of 10 years. As the record reaches us, it contains neither statement of facts nor bills of exception. The indictment alleges an offense against appellant, and is in every respect in proper form. In this condition of the record it is obvious that there is no question which we are authorized to review, and it is therefore ordered that the judgment be and the same is hereby in all things affirmed.

BANK OF GARRISON v. MALLEY et al. (Court of Civil Appeals of Texas. Dec. 8, 1910.) Appeal from District Court, Nacogdoches County; James I. Perkins, Judge. Action by the Bank of Garrison against F. W. Malley and others. From a judgment for defendants, plaintiff appeals. Affirmed. King & King, for appellant. E. P. Hudson and June C. Harris, for appellees.

REESE, J. This appeal presents the single question of whether an attachment sued out against a defendant within, four months before he is adjudicated a bankrupt is void, or voidable only at the suit of the trustee in bankruptcy, under the provisions of sections 67c and 67f of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3450]). The trial court held the attachment void, and upon this question the plaintiff the Bank of Garrison, appeals. The question was decided by the Court of Appeals of the Fourth District in the case of Hutchins et al. v. Cantu, 66 S. W. 138, holding that such attachment was voidable only at the suit of the trustee in bankruptcy. Finding ourselves unable to agree to this conclusion, the question was certified to the Supreme Court, which sustained the holding of the trial court. 131 S. W. 1064. For a full statement of the case, we refer to the opinion of the Supreme Court in answer to the certified question. In accordance with that opinion, there being no other question presented by this appeal, the judgment of the trial court is affirmed. Affirmed.

GULF, C. & S. F. RY. CO. v. SHRADER. (Court of Civil Appeals of Texas. Dec. 7, 1910.) Appeal from Bosque County Court; P. S. Hale, Judge. Action by L. D. Shrader against the Gulf, Colorado & Santa Fé Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed. Terry, Cavin & Mills and A. H. Culwell, for appellant. James M. Robertson, for appellee.

KEY, C. J. This case originated in a justice of the peace court, and was finally tried in the county court, where the plaintiff recovered a judgment for $150, the value of a horse belonging to him, which was killed by one of the defendant's trains. The defendant had its right of way fenced, and the testimony indicates that the horse had passed over a cattle guard to the inside of the right of way, and was struck and killed by a passing train. There was testimony tending to show that the defendant had not exercised proper care, and was guilty of negligence in not so maintaining the cattle guard as to prevent stock from going upon it. We have considered all of the assignments of error presented in appellant's brief, and find no reason for a reversal. Judgment affirmed.

WALKER et al. v. SHEPPARD et al.† (Court of Civil Appeals of Texas. Nov. 24, 1910. Rehearing Denied Dec. 22, 1910.) Appeal from District Court, Gregg County; W. C. Buford, Judge. Action by G. F. Sheppard against E. L. Walker and others, prosecuted by plaintiff's surviving wife and children upon his death. Judgment for plaintiffs, and defendants appeal. Affirmed. F. B. Martin, for appellants. J. N. Campbell, for appellees.

HODGES, J. This is an action of trespass to try title, originally instituted by G. F. Sheppard against the appellants to recover lots 1 and 2 in the town of Gladewater. Pending the litigation Sheppard died, and the suit is prosecuted by his surviving wife and children. Appellants pleaded not guilty, the three, five, and ten year statutes of limitations, and improvements in good faith. Upon a trial before a jury, judgment was rendered in favor of appellees. The only question presented in the assigned errors is whether the testimony supported the verdict. We think it does, and therefore affirm the judgment.