**FIRST NAT. BANK OF CADDO v. GUPTON et al. (No. 34.)**[*]

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Rehearing Denied Dec. 18, 1925.)

1. **Bankruptcy** �köm400(1)—**Court has jurisdiction to determine merits of bankrupt's claim to exemption.**

Court of bankruptcy has jurisdiction to determine merits of bankrupt's claim to exemption, but, as a rule, has no jurisdiction over property claimed as exempt, except to set aside for his use, and cannot order its sale, and, when right to exemption is determined, it cannot be questioned in a collateral proceeding.

2. **Bankruptcy** ⊦köm200(3)—**Lien created by attachment was vacated and proceedings thereunder were void on filing of bankruptcy proceedings by attachment debtor.**

Lien created by attachment was vacated and proceedings thereunder were void, where petition in bankruptcy was filed by attachment debtor within four months, and property attached was scheduled and claimed as exempt, and set aside to him, though no actual notice by plead-

ing or otherwise of bankruptcy proceedings was given in attachment suit.

3. **Judgment** ⊦köm693—**Wife of attachment debtor not bound by judgment foreclosing alleged lien on homestead, where not party to suit.**

Wife of attachment debtor, who was not a party to the suit, was not bound by judgment foreclosing alleged lien on homestead.

Appeal from District Court, Stephens County; Walter Schenck, Judge.

Suit by W. E. Gupton and others against the First National Bank of Caddo. Judgment for plaintiffs, and defendant appeals. Affirmed.

Crate Dalton, of Dallas, and E. D. Gatlin, of Breckenridge, for appellant.

Hawkins, Hawkins & David, of Breckenridge, for appellees.

RIDGELL, J. "We, E. Gupton and wife, Fannie Gupton, filed this suit in the Ninety-Second district court in trespass to try title against First National Bank of Caddo, and were joined in propria persona by Wm. E. Hawkins, Linsey D. Hawkins, and Walter David, the suit having been filed to recover lot No. 28 in block No. 3 of Wright's addition to the town of Caddo, Tex., Stephens county. The First National Bank of Caddo, Tex., claimed title to the property by regular proceedings in the nature of a suit filed on the 15th day of November, 1921, in cause No. 2815B in the Ninetieth district court of Stephens county, Tex., which was a suit upon a promissory note, and out of which case the First National Bank, plaintiff, caused a writ of attachment to issue, under and by virtue of which the sheriff levied upon the property and sold same under an order of sale, issued out of said court, under a judgment dated January 7, 1922, against W. E. Gupton, the record owner of the title to the property. No objection is raised in the instant suit to the regularity of the proceedings in the suit in the Ninetieth district court being the only plea upon which plaintiffs in this suit seek to avoid the binding effect of the original judgment. In December about one month after the filing of the original suit in the Ninety-Second district court, Gupton filed his voluntary petition in bankruptcy, had the property in question set aside as his homestead, and was adjudged a bankrupt, which last two orders of the bankruptcy court were entered on the 9th day of January, 1922, two days after the judgment foreclosing the attachment lien in the state court. The trial court in the instant case, after overruling defendant, First National Bank of Caddo, in its plea of abatement and in its exceptions and demurrers, by agreement allowed the plaintiffs to introduce the statement of W. E. Gupton that the property was his homestead on the day the levy was made and at the time he was ad-

judged a bankrupt, and upon that testimony rendered judgment against appellant, awarding the property in question to plaintiffs.

"There was no answer filed in cause No. 2815B by Gupton, though service was had, and though his proceedings in bankruptcy were then in progress. The defendant, First National Bank of Caddo, gave notice of appeal, and brings the judgment to this court for revision and correction."

The appellant has five assignments of error, all predicated upon the proposition, first, that bankruptcy must be pleaded in an order for same to avail in a state court, and that the state court will not take judicial notice of proceedings in bankruptcy; second, an attack in a court of competent jurisdiction upon judgment of a court foreclosing an attachment lien is a collateral attack upon a judgment of the court of competent jurisdiction, and therefore cannot be maintained. The facts show that appellee bank filed this suit on the 15th day of November, A. D. 1921, in the Ninety-Second district court of Stephens county against W. E. Gupton for a debt, and at the same time caused a writ of attachment to be levied upon the property in question, and thereafter, on January 7, 1922, judgment for the debt and foreclosure of attachment lien was awarded in said court. Thereafter the property was sold under the judgment and bought in by appellee.

On December 27, 1921, W. E. Gupton filed his voluntary petition in bankruptcy, and on same date was adjudged a bankrupt. On the 9th day of January, 1922, the referee in bankruptcy made an order setting aside the property in controversy as a homestead, and exempt to the petitioner.

On June 9, 1924, Gupton and wife conveyed one-half interest in the land in controversy to their coplaintiffs. The proposition that bankruptcy should have been pleaded and proved in the original suit, and that the state court will take no notice of proceedings in bankruptcy in federal courts, is overruled. Where within four months after the levy of an attachment the debtor was adjudicated bankrupt, the attachment was vacated, and other persons claiming the attached property may question the validity of the lien on that ground. Dyke et al. v. Farmersville Mill & Light Co. (Tex. Civ. App.) 175 S. W. page 478; Bank of Garrison v. Malley, 103 Tex. 562, 131 S. W. 1064; Id. (Tex. Civ. App.) 132 S. W. 1198. In the case of Chicago, Burlington & Quincy Ry. Co. v. Wm. H. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306, the Supreme Court of the United States in construing the bankruptcy act in a like case, speaking through Mr. Justice Lamar, says:

"This view, we think, is supported both by the language. * * * and the general policy of the act which was intended not only to secure equality among creditors, but for the benefit of the debtor in discharging him from his liabilities and enabling him to start afresh with the property set apart to him as exempt. Both of these objects would be defeated if judgments like this present were not annulled, for otherwise the two Iowa plaintiffs would not only obtain a preference over other creditors, but would take property which it was the purpose of the bankruptcy act to secure to the debtor.

"Barring exceptional cases, which are specially provided for, the policy of the act is to fix a four months' period in which a creditor cannot obtain an advantage over other creditors nor a lien against the debtor's property. 'All liens obtained by legal proceedings' within that period are declared to be null and void. * * * It is true that title to exempt property does not vest in the trustee and cannot be administered by him for the benefit of the creditors. But it can 'pass to the trustee as a part of the estate of the bankrupt' for the purposes named elsewhere in the statute, included in which is the duty to segregate, identify and appraise what is claimed to be exempt. * * * In other words, the property is not automatically exempted but must 'pass to the trustee as a part of the estate'—not to be administered for the benefit of creditors, but to enable him to perform the duties incident to setting apart to the bankrupt what, after a hearing, may be found to be exempt. Custody and possession may be necessary to carry out these duties and all levies, seizures, and liens, obtained by legal proceedings within the four months, that may or do interfere with that possession are annulled."

[1] It will thus be seen that, under the facts in this case, by the filing of the petition in bankruptcy the attachment lien was vacated. If the property levied upon was not exempt property, the appellant, from contentions in his brief, would make no pretense that any title or right passed by the foreclosure sale, but appellee places a different construction and application where the property is set aside as exempt and was not administered and sold through the bankruptcy court. The decision of Supreme Court of United States, and it seems to be the general rule announced and now followed by our courts, is that a court of bankruptcy has jurisdiction to determine the merits of the bankrupt's claim to exemptions, but as a rule has no jurisdiction over the property claimed exempt, except to set aside for his use and cannot order its sale; this jurisdiction, so far as it goes, is exclusive, and, when the right to exemption is determined, it cannot be questioned in collateral proceedings.

The cases referred to us by appellant that a state court will not take judicial knowledge of pending bankruptcy, and that exempt property does not come under the jurisdiction of the court, are not in point, and do not conflict with the cases cited to justify our legal conclusions.

[2, 3] Since the petition in bankruptcy was filed within the four months, and the property in question was scheduled and claimed as exempt, and was so set aside to Gupton, the attachment lien herein was vacated, and the proceedings thereunder void and of no effect,

and notwithstanding no actual notice by pleading or otherwise was given in the Ninetieth district court. Again Mrs. Gupton was not a party to the suit in the Ninetieth district court, and was not bound by the judgment foreclosing the alleged lien on her homestead.

"The homestead right having been fixed, it could not be destroyed otherwise than either by voluntary abandonment or conveyance joined in by his wife, as provided by law. The title could not be alienated or impaired by any character of forced sale under a court judgment; there being no claim asserted for purchase money, taxes, or improvements. It is well settled that a forced sale of a homestead in satisfaction of any character of debt, except such as for which the Constitution expressly renders it liable, is void." Tucker v. Dodson (Tex. Civ. App.) 245 S. W. 728; Owens v. Cage & Crow, 101 Tex. 286, 106 S. W. 880.

"It follows that no attachment lien ever existed or was legally foreclosed against Gupton's land and that the sheriff's deed to appellant was absolutely void and conveyed no right."

For the reason that the attachment lien and all proceedings thereunder were void, and passed no title by reason of the adjudication in bankruptcy, and for the additional reasons that the proof shows that this property as found by the trial court was the homestead of Mrs. Gupton and husband, and that she was not a party to the original suit, we overrule all the assignments of error of appellant, and the judgment of the trial court will be affirmed.