HUBBARD v. DE FORD et al.  (No. 536.)

Court of Civil Appeals of Texas.  Waco.  June 9, 1927.

Rehearing Denied Sept. 8, 1927.

1. Bankruptcy ⬉207—Bankruptcy court may continue in force attachment obtained within four months of bankruptcy and authorize trustee's intervention in attachment proceeding (Bankruptcy Act [11 USCA § 107]).

Under Bankruptcy Act, § 67 (11 USCA § 107 [U. S. Comp. St. § 9651]), a bankruptcy court may continue in force an attachment lien obtained within four months of bankruptcy and may authorize and direct the trustee of the bankrupt's estate to intervene in the attachment proceeding and protect the rights of the bankrupt's estate for the benefit of creditors.

2. Bankruptcy ⬉207—Bankruptcy court's order to trustee to intervene in attachment proceeding held to prevent bankruptcy from vacating attachment (Bankruptcy Act [11 USCA § 107]).

Bankruptcy court's order to trustee to intervene in attachment proceedings begun within four months of bankruptcy held to prevent bankruptcy from vacating the attachment and attachment lien and to preserve the attachment in full force, in view of Bankruptcy Act, § 67 (11 USCA § 107 [U. S. Comp. St. § 9651]).

3. Bankruptcy ⬉207—Bankruptcy court's order to trustee to intervene in attachment proceeding held to confer on trustee all rights growing out of attachment.

Bankruptcy court's order to trustee to intervene in an attachment proceeding begun within four months of bankruptcy held to confer on the trustee all the rights growing out of the attachment proceeding.

4. Bankruptcy ⬉207—Without pleading or order permitting bankruptcy trustee's intervention in attachment proceeding, admitting evidence of bankruptcy court's order authorizing intervention and rendering judgment for trustee held error.

Where there was no order of court in the record permitting a trustee in bankruptcy to intervene in a suit begun against the bankrupt in which an attachment was issued and levied, and where there was no pleading by the trustee

to indicate that he became a party, admitting in evidence bankruptcy court's order authorizing trustee to intervene in the proceeding and rendering judgment for the trustee *held* error.

**5. Discovery ⊜⇒70—Refusal to answer interrogatories as to whether sale was in good faith held admission that it was not (Rev. St. 1925, art. 3769, § 7),**

Where claimant filing oath and bond for certain automobiles, upon which an attachment had been levied, refused to answer interrogatories as to whether a sale from the alleged owner to him had been in good faith, *held*, admission that it was not, in view of Rev. St. 1925, art. 3769, § 7.

**6. Discovery ⊜⇒70—Refusal to answer interrogatories as to whether sale was in good faith held to prevent claimant from testifying on that issue (Rev. St. 1925, art. 3769, § 7).**

In an action wherein an attachment was levied upon certain automobiles and a claimant filed claimant's oath and bond for the automobiles, the refusal of the claimant to answer interrogatories as to whether the sale from the alleged owner to him had been in good faith *held* to prevent him from testifying at the trial on that issue, under Rev. St. 1925, art. 3769, § 7.

**7. Discovery ⊜⇒70—Evidence as to whether claimant had bought automobiles in good faith held admissible, notwithstanding he had refused to answer interrogatories on that issue (Rev. St. 1925, art. 3769, § 7).**

Evidence as to whether or not one making claimant's oath and bond in a proceeding wherein an attachment was levied upon certain automobiles had bought the automobiles in good faith *held* admissible, notwithstanding the claimant had refused to answer interrogatories on that issue and was himself prohibited from testifying by Rev. St. 1925, art. 3769, § 7.

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by Russell De Ford against R. A. Johnson, with attachment issued and levied on three automobiles. Oscar W. Hubbard filed claimant's oath and bond and was made defendant. After R. A. Johnson was adjudged a bankrupt, J. S. Terry, trustee, was authorized to intervene and protect the interests of creditors. Judgment for J. S. Terry, trustee, against claimant and sureties on his bond, and claimant brings error. Reversed and remanded.

Wynne & Wynne, of Kaufman, for plaintiff in error.

W. A. Wade, of Dallas, for defendants in error.

STANFORD, J. Suit was filed by Russell De Ford against R. A. Johnson for debt, and an attachment issued and levied upon three automobiles as the property of said Johnson. Oscar W. Hubbard filed claimant's oath and bond for said cars, and said claimant's oath and bond were duly filed and the case docket-ed in the name of De Ford, as plaintiff, and Oscar W. Hubbard, as defendant. The tender of issues was filed by both parties. In the meantime R. A. Johnson was adjudged a bankrupt, and J. S. Terry, trustee of his estate, by order of the bankruptcy court, was authorized and directed to intervene and protect the interests of the creditors of said estate. Upon a trial the court found, in effect, that at the time of the levy of said writs said cars belonged to R. A. Johnson, and refused to submit any issue of fact thereon, and submitted to the jury only the issues as to the value of said cars and the value of the use thereof, and the jury having found in response to said issues, the court entered judgment thereon for J. S. Terry, trustee in bankruptcy of the estate of R. A. Johnson, against Oscar W. Hubbard and the sureties on his claimant's bond for the value of said cars, together with the rental value as found by the jury, which judgment is presented here for review by Oscar W. Hubbard, as plaintiff in error.

Under several assignments plaintiff in error, Hubbard, contends, in effect, that as R. A. Johnson was adjudged a bankrupt within four months after said cars were attached, that the attachment and attachment lien were thereby vacated and the claimant's oath and bond became void and inadmissible in evidence, etc., and that plaintiff in error, as the claimant of said attached property, had the right to question the validity of the attachment, attachment lien, claimant's oath, and bond, etc., on the ground that the same was vacated by the adjudication in bankruptcy. The evidence discloses that within four months after said cars were attached as the property of R. A. Johnson under attachment issued at the instance of De Ford, and claimant's affidavit and bond made and filed by Hubbard, as above stated, the said R. A. Johnson was duly adjudicated a bankrupt. If nothing further had been done, this would have had the effect of vacating said attachment lien, and, we think, Hubbard as the claimant of said cars would have had the right to raise such question. Dyke et al. v. Farmersville Mill & Light Co. (Tex. Civ. App.) 175 S. W. 478; Bank of Garrison v. Malley, 103 Tex. 562, 131 S. W. 1064.

[1] But, as shown by the evidence in this case, the bankruptcy court in which R. A. Johnson was adjudicated a bankrupt, as said court had the right to do by virtue of section 9651, title 61, U. S. Comp. St. 1918, section 67 of the Bankruptcy Act (11 USCA § 107), by its order expressly continued in force said attachment and attachment lien and all the rights De Ford had under said attachment, and authorized and directed J. S. Terry, trustee of the estate of R. A. Johnson, bankrupt, to intervene in said proceeding of De Ford against Hubbard for the trial of the right of property and to protect the property rights

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of said estate for the benefit of all the creditors, and the said J. S. Terry, as such trustee, was treated by the trial court as intervener in said proceeding and as substituted as plaintiff, and as such trustee did recover for the use and benefit of all the creditors of R. A. Johnson, bankrupt. If J. S. Terry, trustee, had been properly before the court and by proper pleading, this proceeding would have been proper. Bank of Garrison v. Malley, 103 Tex. 562, 131 S. W. 1064; First Nat. Bank v. Staake, 202 U. S. 146, 26 S. Ct. 580, 50 L. Ed. 967.

[2, 3] We think also the effect of the order of the referee in bankruptcy, above referred to, was to prevent the adjudication of R. A. Johnson a bankrupt from vacating said attachment and attachment lien, and to preserve said attachment, attachment lien, affidavit, and bond, etc., in full force and effect, and to confer on J. S. Terry, trustee of the estate of R. A. Johnson, bankrupt, all of the rights that had been acquired by De Ford growing out of said attachment proceeding. We think also, if there had been pleading as a basis for same, the trial court would have been correct in admitting in evidence the copy of the order of the referee in bankruptcy, preserving and continuing said attachment and attachment lien in full force and effect, etc., and authorizing the trustee to intervene and protect the rights of all creditors of said estate in said attachment lien, and also, as a basis for said order, in admitting in evidence a copy of the petition of said trustee filed in the bankruptcy court, setting out the facts authorizing, and praying for said order or decree, the copies of both said order and petition being duly certified by the referee of said bankruptcy court.

[4] But there is no order of the court in the record permitting J. S. Terry, trustee, to intervene, nothing to indicate he did in fact become a party, no pleading of any kind filed by J. S. Terry, trustee. It was fundamental error to admit any of the orders or documents from the bankruptcy court, there being no pleading as a basis for same, and it was likewise fundamental error to render judgment in favor of J. S. Terry, trustee, who does not appear to be a party to the suit, and no pleading in the record as a basis for such judgment. For the fundamental error above pointed out, the judgment of the trial court will be reversed. In view of another trial, we will notice other assignments.

Under a number of propositions, plaintiff in error contends the trial court erred in refusing to admit in evidence certain bills of sale from R. A. Johnson to himself, and certain transfer receipts from the tax collector of Smith county to himself, all of which he offered to prove he was the owner of said cars at the time they were attached as the property of R. A. Johnson; and under a number of other propositions plaintiff in error contends the trial court erred in peremptorily instructing in favor of defendants in error De Ford and J. S. Terry, trustee in bankruptcy of the estate of R. A. Johnson, on the issue of the ownership of said cars at the time they were attached as the property of R. A. Johnson. The record discloses, as shown by the issues joined, that defendants in error contended that the cars in question, at the time they were attached, in fact belonged to and were the property of R. A. Johnson, the defendant in said attachment writ, and that if said cars had been transferred at said time to plaintiff in error, Hubbard, said transfer was a simulated transaction, without consideration, and done for the purpose of placing said cars beyond the reach of the creditors of R. A. Johnson, and therefore void. Plaintiff in error denied the above, and contended he had in good faith bought said cars from Johnson and was the owner of same at the time they were levied upon as the property of R. A. Johnson. Immediately after the claimant's oath and bond were filed and the case properly docketed, ex parte interrogatories to the claimant Hubbard, plaintiff in error, were properly filed, commission issued, and the witness, on being duly summoned, appeared before the notary, but refused to answer said ex parte interrogatories, and the notary duly so certified. On motion of defendants in error, on November 19, 1923, after a full hearing on said motion, both sides being present and all evidence offered by both sides being heard, the court found that plaintiff in error, Hubbard, willfully refused and failed to answer said ex parte interrogatories, and the court entered his order, concluding as follows:

"It is therefore ordered and adjudged by the court that said interrogatories be and are held as confessed."

[5-7] The effect of the action of the trial court in ordering said interrogatories taken as confessed, in view of the form of said questions, was to show an admission on the part of Hubbard that he had not in good faith purchased said cars from R. A. Johnson, and to prohibit Hubbard from testifying on said issue. Article 3769, § 7, Revised Civil Statutes 1925; Gulf, C. & S. F. R. Co. v. Nelson, 5 Tex. Civ. App. 387, 24 S. W. 588; B. O. & S. F. Ry. Co. v. Hamilton, 17 Tex. Civ. App. 76, 42 S. W. 358; Weinert v. Simman, 29 Tex. Civ. App. 435, 68 S. W. 1011. However, other evidence bearing upon such issue, if otherwise admissible, should be admitted. It does not clearly appear upon what grounds the court excluded the bills of sale and receipts for license fees. If they were in regular form they should have been admitted, and if admitted, we are inclined to think, would have made an issue for the jury as to whether Hubbard in good faith purchased said cars.

We do not think the value of the cars as found by the jury is supported by any evi-

dence. This is not assigned as error, but is probably fundamental error.

For the error first above indicated, the judgment of the trial court is reversed and the cause remanded.