734

## DAY v. STUCKEY.
### No. 5657.

Court of Civil Appeals of Texas. Texarkana.

Aug. 1, 1940.

Bramlette, Levy & Dotson and Frank C. Bolton, Jr., all of Longview, and Z. E. Coombes, of Dallas, for appellant.

Wynne & Wynne, of Longview, for appellee.

HALL, Justice.

Appellant's statement of this case, which is agreed to by appellee, is:

"J. Fred Stuckey filed this action in the 124th Judicial District Court of Gregg County, Texas, against D. McCann, a resident of Gregg County, Texas, and J. E. Day, a resident of Dallas County, Texas.

"Appellee complains of fraud on the part of Appellants in connection with his purchase from them of a 'royalty' interest under a tract of land producing oil and gas located in Rusk County, Texas.

"Appellant, J. E. Day, filed his plea asserting his privilege to be sued in Dallas County, Texas. The appellee, relying on Sections 4, 7 and 29a of Article 1995, Revised Civil Statutes [Vernon's Ann.Civ.St. art. 1995, subds. 4, 7, 29a] duly controverted said plea.

"From the order of the court overruling the plea of privilege, the appellant, J. E. Day, has perfected his appeal to this court."

Appellant's first proposition is: "The court should not have admitted in evidence as confessed the unanswered ex parte interrogatories of the Appellant, J. E. Day, because such Appellant was never under subpoena to appear before the officer taking such deposition."

The certificate of the notary commissioned to take Day's ex parte deposition is:

"I, Linden A. McCreight, a Notary Public in and for Dallas County, Texas, do hereby certify that on the 6th day of January, A. D. 1939, pursuant to the commission hereto attached, I issued a subpoena, original of which is hereto attached, directed to J. E. Day, Dallas, Dallas County, Texas, subpoenaing the said J. E. Day to be and appear before me at 11:00 A. M., January 7th, 1939, at the offices of the Associated Reporters, 481 Old Court House Building, Dallas, Texas, to give testimony and answer ex parte interrogatories directed to him in the case of J. Fred Stuckey versus D. McCann and J. E. Day, being cause No. 12820-B, pending on the docket of the District Court of the 124th Judicial District of Texas, in and for Gregg County, Texas:

"That service was had of said subpoena on said J. E. Day prior to 11:00 A. M. on January 7, 1939, and said witness was tendered $1.00 witness fee which he accepted, as shown by the return on said subpoena hereto attached;

"That the said witness, J. E. Day, wholly failed to appear at the time and place set forth in said subpoena to give his deposition as directed therein;

"That at approximately 12:30 P. M. on January 7, 1939, Mr. Z. E. Combs, an attorney of Dallas County, Texas, called me over the telephone and stated that he represented the said J. E. Day in said case; that said J. E. Day had informed him, the said Z. E. Combs, that he had a subpoena to appear before me and give a deposition; said Z. E. Combs then stated J. E. Day was serving on a Jury in Dallas County, Texas, and that he would not appear in answer to said subpoena until the said Z. E. Combs had looked up some law with reference to the same;

"That thereafter and on or about January 10, 1939, at a subsequent conversation, the said Z. E. Combs informed me that in his opinion the commission would not be valid because he had received no notice thereof; and that the said J. E. Day would not appear in answer to said subpoena to give his deposition as directed.

"I further certify the said J. E. Day has wholly failed and refused to appear and give his deposition and answer the questions to be propounded to him as directed by said subpoena duly served upon him; and that I here and now return said deposition, ex parte, into Court and unanswered by reason of the facts herein set forth.

"Given under my hand and seal of office this the 24th day of January, A. D. 1939.

    "(Signed)  Linden A. McCreight
    "Notary Public in and for Dallas,
    "Dallas County, Texas."

Upon this certificate the trial court found: "That the defendant (appellant) J. E. Day, refused to answer said ex parte interrogatories, without any just or legal cause, and, it so appearing, the said interrogatories were and are taken as confessed and duly admitted in evidence upon said hearing."

■ It is our conclusion that the court's finding in this regard is correct, and authorized by Article 3769, Secs. 1, 2 and 7, R.C.S. See, also, Hubbard v. De Ford, Tex.Civ.App., 297 S.W. 869. Appellant in his brief states: "These ex parte interrogatories were worded so that when taken as confessed they were sufficient to prove the cause of action." We are in accord with this statement, and it being undisputed that one of the defendants, D. McCann, was a resident citizen of Gregg County at all times mentioned in Day's plea of privilege, the venue of the main case was properly laid in Gregg County. This holding also disposes of appellant's proposition No. 2.

The judgment of the lower court is in all things affirmed.